IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHELE ROWLEY**

          Plaintiff,

vs.                             Hon.
                              Case No. 19-

**HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,**
a Connecticut corporation,

          Defendant.
_____/

## COMPLAINT

Plaintiff, MICHELE ROWLEY, through her attorneys, ILANA S. WILENKIN and FELDHEIM & WILENKIN, P.C., complains against the above-named Defendant as follows:

**I.    Jurisdiction and Venue**

1)    This Court's jurisdiction exists under the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically, 29 U.S.C. §§ 1132(e)(1) and 1132(f), which provisions grant this Court the jurisdiction to hear civil actions to recover benefits due under the terms of an employee welfare benefit plan.

2)    The subject welfare benefit plan consists of a group long-term disability insurance policy and life insurance policy with a waiver of premium due to total disability that are sponsored and administered by Aerotek, Inc. for the benefit of its employees, including Plaintiff ("Ms. Rowley.")  The Aerotek, Inc. Disability Plan ("the Plan/Policy") is underwritten and administered by Defendant Hartford Life and Accident Insurance Company ("The Hartford.")

3) 29 U.S.C. § 1133 provides a mechanism for the administrative or internal appeal of benefit denials. Ms. Rowley has either exhausted all of her appeals or has been denied access to a meaningful and/or full and fair pre-suit appellate review. This matter is ripe for juridical review.

4) Pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391, venue is proper in the Eastern District of Michigan.

## II. Nature of Action

5) This is a claim seeking disability income benefits and a waiver of life insurance premium and is being brought pursuant to § 502(a)(1)(B) of ERISA - 29 U.S.C. § 1132(a)(1)(B).

## III. The Parties

6) Ms. Rowley is 59 years-of-age. She was, and continues to remain, a resident of Westland, Michigan.

7) The Plan is an employee welfare benefit plan sponsored and administered by Aerotek, Inc. for the benefit of its employees. Upon information and belief, The Hartford underwrites and administers the Plan. The Hartford is a Connecticut corporation, with its resident agent being The Corporation Company, 40600 Ann Arbor Rd., E., Suite 201, Plymouth, MI 48170-4675, (800) 592-9023.

8) During all relevant times, the Plan constituted an "employee welfare benefit plan," as defined by 29 U.S.C. § 1002(1), and, incidental to her employment, Ms. Rowley received coverage under the Plan as a "participant," as defined by 29 U.S.C. § 1002(7). This claim relates to benefits due under the above-described Plan.

### IV.     Factual Statement/Allegations

9) Ms. Rowley is 59 years-of-age and began working for Aerotek, Inc. on or about 6/23/14 as a Payroll Specialist

10) Ms. Rowley has a long and well-established cardiac history that includes the following conditions and treatments:

- Essential hypertension;
- coronary artery disease, with uncontrollable angina;
- centrilobular emphysema;
- ischemic cardiomyopathy; and
- multiple left heart catheterizations and coronary angioplasty with implant/bypass graft.

11) Mr. Rowley stopped working in any capacity on 8/1/18 due to the above-described cardiac deficits.  Subsequent to her last day of work, Ms. Rowley applied to Aerotek/The Hartford to begin receiving short-term disability benefits, which were paid beginning approximately 8/8/18 through 1/30/19.  Long-term disability benefits should have commenced on 1/31/19, but The Hartford denied Ms. Rowley's claim and waiver of life premium because: "The combined information in your file does not show that you are *unable to perform the Essential Duties of Your Occupation* on a full time [sic] basis as of 01/31/2019." (5/20/19 Denial Letter). (Emphasis added).

12) The Plan defines disability to mean:

> Disability or disabled means **you are prevented from performing one or more of the essential duties** of:
>
> 1. Your occupation during the elimination period;
> 2. Your occupation, for the 24 months following the elimination period and as a result your current monthly earnings are less than 80% of your indexed, pre-disability earnings;

3

      3.    after that any occupation.

13) By determining that Ms. Rowley was not disabled because the evidence did not demonstrate that she is unable to perform the ***essential duties*** of her occupation, The Hartford did not correctly evaluate Ms. Rowley's claim(s) pursuant to controlling Plan language.

14) Ms. Rowley appealed The Hartford's denials on 9/19/19 and provided the following medical evidence:

      A.    <u>**Medical Proofs**</u>

15) On June 10, 2019, Ms. Rowley treated with Dr. Papasifakis (cardiologist) and reported that she had not been able to take Ranexa for 2-3 weeks because of a lack of money and insurance. Dr. Papasifakis noted that: "Mrs. Rowley continues to have anginal symptoms especially with emotional stress. Her blood pressure tends to be labile as well. Further revascularization is not an option and the stressors of the work environment will make control of her angina very difficult and I recommended that she seek disability." (Ex. 2 of 9/19/19 Appeal).

16) On August 26, 2019, Dr. Papasifakis prepared a narrative report supporting Ms. Rowley's disability:

> I am writing this letter in support of a disability claim for Mrs. Michele Rowley.
>
> Mrs. Rowley has been a patient of mine for several years and has ***several comorbidities including advanced coronary artery disease class III angina pectoris, prior multi vessel coronary artery bypass surgery, ischemic cardiomyopathy, hypertension, centrilobular emphysema and carotid artery disease***.

4

> I wish to clarify my assessment of her limitations for continued employment. The patient cannot sit stand or walk for a total of 8 hours a day without the option of frequent rest periods. Specifically my previous evaluation should not have been read to mean that she is able to perform full-time competitive employment on a sustained and consistent basis. She could sit and read magazines and watch TV for 8 hours a day and other activities that do not require concentration and mental stress and constant attention to detail. Her job as a payroll analyze [sic] requires many of these activities which often trigger her angina symptoms. The patient has made an honest effort over time to try to carry on with her job but lately has found it increasingly intolerable given her current cardiac status. It would be patently inappropriate to deny this very symptomatic patient long term disability benefits. Her continued employment would only have very adverse consequences on her health. (Ex. 3 of 9/19/19 Appeal). (Emphasis added).

17) As part of its review, The Hartford sent Ms. Rowley's appeal and records to Stanley Chou, M.D. for review and comment.

18) Dr. Chou prepared a report dated 10/14/19 in which he opined as follows:

> Treating provider, Dr. Papasifakis notes the claimant is unable to sit, stand, walk for a total of 8 hours per day. Dr. Papasifakis also notes her employment would impact her health, and while I agree the claimant should avoid prolonged standing, walking, sitting activities to prevent aggravation of symptoms, there is no condition to preclude activity status completely. The claimant presents with essentially stable clinical findings, has no symptoms of HF, no volume overload, no significant edema, and
> therefore, full-time work is supported with the listed R/Ls [, which include:
> Walking: occasionally, up to 15 minutes at a time and for a total of 2 hours per day
> Standing: occasionally, up to 20 minutes at a time and for a total of 3 hours per day
> Sitting: occasionally, up to 30 minutes at a time and for a total of 4 hours per day.]

19) In response to Dr. Chou's report, Dr. Papasifakis prepared a rebuttal

5

dated 10/30/19 in which he offered the following opinions:

> I am writing this letter in support of Michele [Rowley's] application for disability. I respectfully disagree with the denial of benefits and the denial letter by Dr. Stanley Chao [sic]. I do not claim that Michele has signs or symptoms of congestive heart failure as noted in the letter by Dr. Chou. Instead the basis of her disability is related to her multivessel coronary artery disease and class 3 angina pectoris. In spite of previous revascularization and the inability to further intervene invasively I have maximized her medical program. The patient has tried to work but her angina cannot be controlled effectively given the physical and mental stressors associated with her job. As her longtime cardiologist I am in the best position to determine what this patient can and cannot do. The work environment will continue to be detrimental to her health and denial of disability must be reconsidered. The insurance company would bear the responsibility if this patient is forced to go back to work and this would possibly lead to an unfortunate outcome.

20) Dr. Papasifakis also prepared a Medical Assessment of Ability to Do Work Related Activities that was provided to the Social Security Administration. This particular form described Ms. Rowley's symptoms, treatment, prognosis, limitations, and the number of days per month that Ms. Rowley would be absent from work due to stated cardiac deficits and resulting symptomatology.

21) The Hartford again sent Dr. Papasifakis' rebuttal report, SSA form, and Sue Olds' personal statement (Ms. Rowley's friend and occasional care provider) to Dr. Chou for review and comment. In its 11/28/19 denial letter, The Hartford represented Dr. Chou as stating:

> Dr. Chou states that the additional information does not alter the previous assessment. He _**previously**_ stated that the claimant does not have signs or symptoms of Congestive Heart Failure specifically stating the claimant presents with essentially stable clinical findings, and has no signs of heart failure/no volume overload, no significant edema, but regardless based on history of

6

> Coronary Artery Disease, symptoms/post Coronary Artery Bypass Graft and persistent angina listed activity restrictions and limitations. Dr. Chous [sic] states that he is unable to concur with a total occupational loss, as the claimant retains some capacity to perform activity/work at any setting with the listed restrictions.
>
> \* \* \*
>
> Although there is a difference in opinion between the claimant's treating provider Dr. Papasifakis and the Independent Medical Reviewer, Dr. Chou, the weight of the medical evidence received to date does not support Disability. ***Dr. Chou reviewed and gave consideration to all of the medical records received to date and explained why total incapacity is not supported***. Although it is agreed upon that the claimant is limited she retains some capacity and would be capable of performing her own sedentary occupation on a full-time basis. (11/28/19 Appeal Denial). (Emphasis added).

22)   It does not appear that Dr. Chou addressed Dr. Papasifakis' 10/30/19 rebuttal opinions, as The Hartford reiterated Dr. Chou's 10/14/19 opinions.

23)   Again, just as The Hartford initially applied a disability standard that finds no support in Plan language, i.e., unable to perform *essential duties* of occupation, so too did it apply an incorrect standard during Ms. Rowley's administrative review, apparently, and erroneously, requiring a showing of **total incapacity** before disability can be established.

24)   The Hartford denied Ms. Rowley's long-term disability and waiver of life premium appeals on 11/28/19.

25)   The Hartford's actions have now foreclosed all avenues of administrative appeal and this matter is ripe for judicial review.

26)   Because valid, objective, and well-supported proofs establish Ms.

Rowley's ongoing disability within the Plan's terms, Ms. Rowley is entitled to the immediate payment of long-term disability benefits retroactive to approximately 1/31/19.

**WHEREFORE**, based upon the preceding reasons, Plaintiff prays for the following relief:

A) That this Court enter judgment in Ms. Rowley's favor against The Hartford and order the immediate payment of disability income benefits retroactive to the date that benefits became due, 1/31/19, as well as honor Ms. Rowley's waiver of life insurance premium.

B) That this Court order Hartford to pay Ms. Rowley prejudgment interest pursuant to *Horn v. McQueen*, 353 F. Supp. 2d 785 (2004) and post-judgment interest in accordance with M.C.L. § 600.6013 and 600.6455.

C) That this Court award attorneys' fees pursuant to 29 U.S.C. § 1132(g).

D) That Ms. Rowley recovers all relief to which she may be entitled, along with the costs of litigation.

Respectfully submitted:

**FELDHEIM & WILENKIN, P.C.**

By: s/Ilana S. Wilenkin
Ilana S. Wilenkin (P61710)
Plaintiff's attorney
30300 Northwestern Highway, Suite 108
Farmington Hills, MI 48334-3255
(248) 932-3505; fax (248) 932-1734
ilana@lawsmf.com

Dated: December 11, 2019